# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| RIVERSIDE MACON GROUP LLC, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-102 (MTT) |
| RED ROOF FRANCHISING LLC, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Defendants Red Roof Franchising LLC (RRF) and FMW RRI NC LLC (FMW) removed this case from the Superior Court of Bibb County, Georgia on March 22, 2018. Doc. 1. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." If removal is based on the initial pleading, the defendant must file the notice of removal within 30 days of service of the initial pleading. 28 U.S.C. § 1446(b)(1). The removing party bears the burden to establish federal subject matter jurisdiction at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted); *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002)).

The asserted basis for this Court's jurisdiction is diversity jurisdiction, which exists if the opposing parties are citizens of different states and the amount in

controversy exceeds $75,000.  28 U.S.C. § 1332.  In their notice of removal, the Defendants state that "Defendant [RRF] is a Delaware limited liability company with its principal place of business at 605 South Front Street, Columbus, Ohio 43215."  Doc. 1 at ¶ 4.  And the Defendants state "Defendant [FMW] is a Delaware limited liability company with its principal place of business at 2 Stamford Plaza, 281 Tresser Blvd., 6th Floor, Stamford, Connecticut 06901."  *Id.* at ¶ 5.  However, this is not sufficient information to determine the citizenship of the Defendants; because the Defendants are limited liability companies, they are citizens of each state in which one of its members is a citizen for diversity jurisdiction purposes.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, the Defendants are **ORDERED** to amend their notice of removal to state the identity and citizenship of their constituent members, and if any member is itself an unincorporated association, the identity and citizenship of such association's constituents, within **14 days**.[1]  Similarly, from the allegations in the notice of removal, the Court cannot determine the citizenship, for diversity jurisdiction purposes, of Plaintiff Riverside Macon Group LLC, also a limited liability company.  *See* Doc. 1 at ¶ 3 ("According to information maintained by Georgia's Secretary of State, Plaintiff is a California limited liability company with its principal place of business at 3950 River Place Drive, Macon, Georgia 31210.").  Accordingly, the Plaintiff is **ORDERED** to notify the Court of the identity and citizenship of its constituent members, and if any member is itself an unincorporated association, the identity and citizenship of such association's constituents, within **14 days**.

---

[1] "If a partner or member of an unincorporated association is itself an unincorporated association, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 2016 WL 1404163, at *3 (S.D. Fla.) (internal quotation marks and citation omitted).

**SO ORDERED,** this 26th day of March, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
